JOHN B. CLAYBERG & another *vs.* ELLEN S. CORNUE & another.

Suffolk.    March 11, 1914. — March 30, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & CROSBY, JJ.

*Equity Pleading and Practice,* Decree. *Interest.*

By the decision in *Clayberg* v. *Cornue,* 216 Mass. 448, 455, it was declared that the plaintiffs, under an agreement in writing between them and certain heirs at law of an alleged testator who had received shares of his estate under an agreement of compromise approved by a court of another State, were entitled to be paid the sum of $10,000 out of the shares of the defendants from such estate in the hands of the ancillary administrator in this Commonwealth. The agreement in writing, which was a carefully drawn instrument, provided that the sum of $10,000 should be paid to the plaintiffs by the defendants "out of the moneys now in Boston belonging to the estate of [the testator] when distributed to them." No mention was made of interest or of a share in the earnings of the fund in the hands of the administrator. The plaintiffs contended that the final decree under the rescript ordered by this court in the above named decision should award to them, not only the sum of $10,000 mentioned in the contract, but also a proportional part of the income received by the ancillary administrator from the fund while it had remained in his hands. *Held,* that, even if such a claim on the part of the plaintiffs could be presented for the first time after the issuing of the rescript, which was not passed upon, the decree should order the payment to the plaintiffs only of the sum of $10,000 with no interest or share in the earnings of the fund in the nature of interest.

RUGG, C. J. This case came on to be heard for final decree in accordance with the decision in 216 Mass. 448, 455. The plain-

tiffs contended that the decree should be not only for the $10,000 mentioned in the contract between the parties, but also for the proportion of the income received by Leyson, the administrator in Massachusetts, on the funds in his hands since January 18, 1902, which the $10,000 bore to the entire fund. The single justice * ruled against this contention rightly. Even if it be assumed in favor of the plaintiffs, but without so deciding, that such claim can be presented at this stage for the first time, the terms of the contract do not support it. The main purpose of the contract, as disclosed upon the whole record and read in the light of the relations of the parties to each other and to the estate of Andrew J. Davis, was to end by an agreement any controversy about the reasonable value of the services rendered by the plaintiffs, and to stipulate that the defendants would pay to the plaintiffs that sum "out of the moneys now in Boston belonging to the estate of Andrew J. Davis, deceased, when distributed to them." The assignment of this sum, which follows, plainly is only ancillary to the main agreement to pay the amount fixed for the services. No mention is made of interest or a share in the earnings of the fund in the hands of the administrator. Such an omission in a contract so carefully drawn and so comprehensive in its terms is significantly persuasive that no such thing was intended. A later paragraph to the effect that "the payment of the above sums" should liquidate all claims of the plaintiffs to that date with a defined exception, together with a specific statement that all future services are to be paid in addition, confirms the view that no interest or share in the earnings of the fund in the nature of interest was expected for the plaintiffs. The plaintiffs were not entitled to receive any money until distribution. The definite sums mentioned, paid then, would liquidate the indebtedness. Under the agreement and under the rescript the plaintiffs are not entitled to prevail on this point.

Decree to be entered in the form annexed to the report for $10,000.

*So ordered.*

*E. F. McClennen,* for the defendants.
*B. E. Eames, for* the plaintiffs.

---

* *Hammond,* J., who reported the case for determination by the full court.